Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301

Eli Z. Freedberg
LAW OFFICES OF ELI Z. FREEDBERG P.C.
370 Lexington Avenue, Suite 2103
New York, NY 10017
Phone: 347-651-0044
Fax: (212) 214-0799

*Attorneys for Plaintiff and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

LUAN LUU, *Individually and on behalf of others similarly situated,*

                                 **Plaintiff**

v.

                                 **COMPLAINT**
                                 Index No.

                                 **RULE 23 CLASS ACTION AND**
                                 **COLLECTIVE ACTION UNDER**
                                 **29 USC § 216(b)**

                                 **JURY TRIAL DEMANDED**

**COGNIZANT TECHNOLOGY SOLUTIONS U.S.**
**CORPORATION d/b/a COGNIZANT TECHNOLOGY**
**SOLUTIONS and JOHN DOES #1-100**

                                   **Defendant.**
-----------------------------------------------------------------x

       1.      Plaintiff, Luan Luu ("Luu" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

                                      **NATURE OF THE ACTION**

2. This Action on behalf of Plaintiff, individually and on behalf of other similarly situated computer employees of Cognizant Technology Solutions U.S. Corporation d/b/a Cognizant Technology Solutions ("Cognizant" or "Defendant") who performed work on behalf of Cognizant nationwide, as non-managerial desktop support team workers (collectively "Desktop Support Team Workers"), seeks the recovery of unpaid wages and related damages for unpaid overtime hours worked, while employed by Cognizant. Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Cognizant contracts with various companies across the United States to provide and employ Desktop Support Team Workers to perform non-exempt work at these companies' offices.

4. Throughout the course of Plaintiff's employment, Defendant paid these non-exempt workers fixed annual salaries regardless of their hours worked, and failed to compensate Desktop Support Team Workers with overtime premiums for hours worked over 40 per workweek.

5. Plaintiff and other non-exempt workers are not exempt from the overtime pay requirements under federal or state law. The Desktop Support Team Workers spend a majority of their time working on in-house desktop support and performing non-complex tasks, such as; ensuring emails are being sent and received, picking up work tickets, moving computers, and conducting basic hardware repair of computers and iPhones and/or other smartphones.

6. Defendant has failed to monitor and/or properly record the actual hours worked by Desktop Support Team Workers.

7.      Defendant has applied the same employment policies, practices and procedures to all Desktop Support Team Workers.

8.      Plaintiff brings this action on behalf of himself and all similarly situated current and former Desktop Support Team Workers pursuant to Federal Rule of Civil Procedure ("FRCP") 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6 §§ *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

9.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this District, because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

11.     Plaintiff Luan Luu, a resident of New York State, was employed as a Technical Lead Associate for Defendant Cognizant from on or about June 2013, until July 6, 2015. Plaintiff was employed by Defendant during the relevant limitations periods. During this period Plaintiff worked on-site at Christie's Inc. in New York City.

12.     Plaintiff's consent to sue form is attached as Exhibit "A."

3

13. Defendant Cognizant is a New Jersey Corporation with its principal office located in Teaneck, New Jersey.

14. Upon information and belief, Cognizant has an annual gross volume of sales in excess of $500,000.00.

15. Cognizant's website indicates that it has over 50 delivery centers worldwide and approximately 218,000 employees as of June 30, 2015.

16. Defendant is the entity that appeared on Plaintiff's paystubs.

17. At all relevant times, Defendant has maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices.

18. At all relevant times, Cognizant has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated non-executive Desktop Support Team Workers who were misclassified as exempt and employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to

pay them at the legally required one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant and via email.

## CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of all similarly situated employees non-executive Desktop Support Team Workers who were misclassified as exempt, or who have been or are employed by Defendants within six years prior to the filing of this Complaint (the "Rule 23 Class" or the "Class").

23. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiff at this time; however, it is estimated that the number exceeds 50 individuals.

24. **Commonality and Typicality**: The claims of Plaintiff (for misclassification as an exempt employee) is typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of

conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

25. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

26. **Adequacy**: Plaintiff is an adequate representative of the Class; will fairly protect the interests of the other members of the Class; has no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

27. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

    a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

    b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

    c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members

        of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

d.     The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e.     The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f.     Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g.     The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTUAL ALLEGATIONS

28. Defendant committed the following alleged acts knowingly, willfully and intentionally.

29. Defendant knew that the nonpayment of overtime pay to Plaintiff and the Class would economically injure Plaintiff and the Class and violated state and federal laws.

30. Plaintiff was employed as a "Technical Lead, Associate" for Defendant from June 2013 through July 6, 2015.

31. Upon information and belief, Defendant maintained numerous internal job classifications or job titles for its Desktop Support Team Workers; however, the Desktop Support Team Workers, other than those with the title of Associate Operations Manager each maintained similar if not identical job responsibilities and functions.

32. During this period, Plaintiff worked for Defendant performing IT support and computer repair work on-site at Christie's Inc. location in New York City at 20 Rockefeller Plaza.

33. Upon information and belief, Christie's contracted with Defendant to outsource its IT work and infrastructure support.

34. Plaintiff's paychecks were issued by Defendant.

35. Plaintiff's team manager and supervisor, Sarfaraz Ali was also an employee of Defendant.

36. Upon information and belief, Ali's job title was "Associate Operations Manager."

37. Ali interviewed job applicants for the Desktop Support Team, set the schedules for the Desktop Support Team members, directed and supervised their work and had disciplinary authority.

38. Throughout the course of his employment, Plaintiff generally worked five (5) days per week for Defendant, Monday through Friday.

39. Throughout the course of his employment, Plaintiff regularly worked from 11:00 am through 9:00 pm.

40. When not in the office, Plaintiff was also on call "24/7," as he would get occasional emails from Christie's executives to assist them on weekends with technical issues.

41. On May 5, 2015, Sarfaraz Ali emailed the Desktop Support Team members, reiterating that they were not to work more than forty (40) hours and five (5) days per week.

42. The email also stated that "any change to the shift schedules will be communicated by me."

43. While employed by Defendant, Plaintiff's salary was approximately $67,500.00 per year.

44. Plaintiff and the putative class often worked in excess of forty (40) hours per workweek.

45. Defendants unlawfully failed to pay the Plaintiff and the putative class one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

46. Plaintiff's primary job duties included: serving as a primary support technician for Apple hardware and software, including Macintosh computers and iPhones, and handling daily support tickets. Specifically this work often entailed rebooting computers which had crashed or stalled and assisting users with word processing documents by, for example, formatting documents, and setting up email accounts on mobile devices.

47. Examples of Plaintiff's daily jobs included receiving work tickets or emails from executive assistants on behalf of their executives that the email on their iPhones was not working properly.

48. Plaintiff's job duties did not consist of: (a) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (b) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; (c) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or, (d) a combination of these duties.

49. Plaintiff's primary job duties were not directly related to Defendant's or Defendant's customers' management or general business operation.

50. Plaintiff's job duties did not include the exercise of discretion or independent judgment regarding matters of significance. Plaintiff was not involved in planning Defendant's long term or short term business objectives; could not formulate, affect, implement or interpret Defendant's management's policies or operating practices; did not carry out major assignments that affected Defendant's business operations; did not have authority to commit Defendant in matters that have significant financial impact; and could not waive or deviate from Defendant's established policies or procedures without prior approval.

51. Plaintiff's primary job duties did not include: supervising two or more employees; hiring, firing, making recommendations for hiring, firing, or other employment decisions; disciplining employees, or setting employee schedules.

52. Plaintiff's primary job duties did not require advanced knowledge in a field of science or learning.

53. Defendant did not require Plaintiff to possess an advanced degree and/or certifications to complete his job duties.

54. Plaintiff did not earn $100,000 or more in total compensation while employed by Defendant.

55. Defendant violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

56. Defendant further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiff with pay stubs (or wage statements) with every paycheck that contained all of the required information and/or accurate information. For example, the paystubs did not contain Defendant's official corporate name, its doing business as name, or a statement of the hours worked by Plaintiff and the putative class members.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

57. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendant and protects Plaintiff, and the FLSA Collective Plaintiffs.

59. Defendant has willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

60.     As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime Brought By Plaintiff on Behalf of Himself and the Rule 23 Class

61.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Rule 23 Class.

63.     Defendant has willfully failed to pay Plaintiff and the Rule 23 Class the overtime wages for hours worked in excess of forty (40) hours in a workweek.

64.     Defendant's knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

65.     As a result of Defendant's unlawful acts, Plaintiff and the Rule 23 Class have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Recordkeeping and Wage Theft Prevention Act Violations Brought By Plaintiff on Behalf of Himself and the Rule 23 Class

66.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67.     Defendant failed to make, keep and preserve accurate records with respect to Plaintiff and the Rule 23 Class, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

68.     Defendant failed to provide Plaintiff and the Rule 23 Class with a written notice of rate of pay as required by NYLL § 195.

69.     Defendant failed to provide Plaintiff and the Rule 23 Class with accurate wage statements as required by NYLL § 195.

70.     Defendant's failure to make, keep and preserve accurate records was willful.

71.     As a result of Defendant's willful and unlawful conduct, Plaintiff and the Rule 23 Class are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

**PRAYER FOR RELIEF**

72.     WHEREFORE, Plaintiff, individually and on behalf of the putative class prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Certification of this case as a class action pursuant to Rule 23 of the FRCP.

f. Designation of Plaintiff as representative of the Rule 23 Class and Counsel of record as Class Counsel;

g. Penalties available under applicable laws;

h. Costs of the action incurred herein, including expert fees;

i. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
February 2, 2016

Respectfully submitted,

The Klein Law Group P.C.  
Law Offices of Eli Z. Freedberg, P.C.

By: _____  
Darren P.B. Rumack  
11 Broadway, Suite 960  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301

Eli Z. Freedberg  
370 Lexington Avenue, Suite 2103  
New York, NY 10017  
Phone: 347-651-0044  
Fax: (212) 214-0799

*Attorneys for Plaintiff and the putative class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Cognizant and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____        12/1/2015         LUAN LUU
Signature                     Date              Printed Name